**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

MONAWARA ABDALLA,                *
                                 *
     Plaintiff,                  *
                                 *
vs.                              * CIVIL ACTION NO. 25-00381-KD-B
                                 *
WAL-MART INC.,                   *
                                 *
     Defendant.                  *

<u>ORDER</u>

This action is before the Court on Plaintiff's amended motion to continue all current deadlines and settings in this case. (Doc. 29). Plaintiff's counsel represents that Plaintiff is currently hospitalized in Egypt due to serious health issues, and that Plaintiff's medical condition has substantially impaired counsel's ability to communicate with her regarding her case, including his ability to obtain information necessary to prepare for upcoming deadlines. (<u>Id.</u> at 1). In support of the motion, Plaintiff's counsel has attached a letter which is presumably written in Arabic. (Doc. 29-1). Upon consideration, the undersigned finds that Plaintiff's motion is due to be **DENIED without prejudice** to refile with the proper documentation.

It is well settled that federal court proceedings must be conducted in English. <u>United States v. One 1988 Chevrolet Cheyenne Half-Ton Pickup Truck</u>, 357 F. Supp. 2d 1321, 1329 (S.D. Ala. 2005) (citing <u>United States v. Rivera-Rosario</u>, 300 F.3d 1, 5 & 7 n.4

(1st Cir. 2002) (noting the "well-settled rule that parties are required to translate all foreign language documents into English"); Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 413-14 (1st Cir. 2000) (declining to consider as part of summary judgment record a deposition excerpt in Spanish, where party submitting excerpt failed to provide English translation); Krasnopivtsev v. Ashcroft, 382 F.3d 832, 838 (8th Cir. 2004) (copy of passport was properly excluded from evidence where no English translation or certification was offered); Heary Bros. Lightning Protection Co., Inc. v. Lightning Protection Institute, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (*sua sponte* striking as inadmissible plaintiff's exhibits that were not in English and for which plaintiff had provided no translation)).

In One 1988 Chevrolet Cheyenne, the court held that if the claimant in a civil forfeiture action desired for the court to consider an exhibit, which was written in Spanish and which purported to chronicle his medical condition, it was incumbent upon the claimant to provide the court with a certified translation. 357 F. Supp. 2d at 1328-29. The court stressed that in the absence of a certified translation, the document was undecipherable to those not literate in Spanish, and that it was not the court's responsibility to transform the exhibit into a comprehensible English-language exhibit. Id. at 1329.

Accordingly, the court held that the exhibit was properly excluded from consideration.  Id.

In this action, Plaintiff's counsel has submitted an exhibit in support of Plaintiff's request for an extension of all current deadlines and settings; however, the document is not comprehensible to the Court, as it appears to be written in Arabic. Moreover, the Court has previously stressed to Plaintiff's counsel that Plaintiff's extension request must be supported by medical documentation detailing Plaintiff's health condition, the treatment she is receiving, and her expected period of recovery. In the absence of such documentation, Plaintiff's motion (Doc. 29) is **DENIED without prejudice** to refile with the proper documentation.

**ORDERED** this **22nd** day of **May, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

3