IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MONAWARA ABDALLA,                     *
                                      *
        Plaintiff,                    *
                                      *
vs.                                   *  CIVIL ACTION NO. 25-00381-KD-B
                                      *
WAL-MART INC.,                        *
                                      *
        Defendant.                    *

ORDER

This action is before the Court on Plaintiff Monawara Abdalla's "Emergency Objection to Notice of Deposition, Motion for Protective Order, or in the Alternative, Motion to Withdraw as Counsel" (Doc. 34) and "Motion to Continue Discovery Deadlines" (Doc. 41), and Defendant Wal-Mart Inc.'s response in opposition to the latter motion (Doc. 44). Upon consideration, and for the reasons set forth below, Plaintiff's motions (Docs. 34, 41) are **GRANTED in part** to the extent they request a postponement of Plaintiff's deposition and an extension of the discovery deadline, and **DENIED in part** in all other respects.

I.    BACKGROUND

Plaintiff filed this action in state court in February 2025, asserting claims for negligence and wantonness based on allegations that she was injured by falling merchandise while shopping at a Walmart store in Mobile County, Alabama. (Doc. 1-

1).    Based on information contained in Plaintiff's written discovery responses, Defendant removed this action to federal court in September 2025.  (Doc. 1).

After conducting a scheduling conference, this Court entered a Rule 16(b) scheduling order on November 24, 2025.  (Doc. 12). Pursuant to the scheduling order, this case is set for a final pretrial conference on December 10, 2026, and for jury selection on January 5, 2027.  (Doc. 12 at 1).  The scheduling order established April 1, 2026 as the deadline for Plaintiff to serve her expert disclosures; May 1, 2026 as the deadline for Defendant to serve its expert disclosures[1]; June 30, 2026 as the discovery deadline; and July 31, 2026 as the deadline for dispositive motions.  (Id. at 2, 5).

On April 3, 2026, Plaintiff filed a motion requesting "a continuance of the trial/hearing/status conference currently scheduled" based on vague assertions that "Plaintiff was required to leave the United States to obtain necessary medical treatment" and that "Plaintiff's medical condition and travel for treatment prevent Plaintiff from appearing in person for the scheduled proceeding and depositions."  (Doc. 17).  After holding a telephone status conference, the Court directed Plaintiff to supplement her

---

[1] Defendant subsequently filed a timely motion for an extension of its expert disclosure deadline, and the Court granted the motion and extended Defendant's expert disclosure deadline to June 1, 2026.  (Docs. 25, 26).

2

motion to include documentation of the health treatment she was undergoing and the expected duration of such treatment.  (Doc. 21).

On April 24, 2026, Plaintiff filed an amended motion to continue, which was nearly identical to her prior motion except that it attached an unsigned letter from a purported doctor in Egypt outlining Plaintiff's clinical status. (Doc. 22).  The Court denied the amended motion as unsupported because the accompanying letter was not signed and did not indicate when Plaintiff was scheduled for surgery or her expected period for recovery.  (Doc. 23).

On May 22, 2026, Plaintiff filed another amended motion to continue asserting that "Plaintiff is currently hospitalized in Egypt due to serious health issues" and "Plaintiff's medical condition has substantially impaired counsel's ability to communicate with Plaintiff regarding the case."  (Doc. 29). Plaintiff again failed to provide specific information regarding her projected course of treatment and recovery time, although she attached an exhibit to her motion that was presumably written in Arabic. (See Docs. 29, 29-1).  The Court denied Plaintiff's second amended motion to continue without prejudice to her ability to refile with proper documentation.  (Doc. 30).

On June 15, 2026, Defendant served Plaintiff's counsel with notice of Plaintiff's videotaped deposition to be taken in-person

3

at defense counsel's office on June 26, 2026.  (See Doc. 33; Doc. 44 at 6-7).  On June 19, 2026, Plaintiff's counsel filed a document titled "Emergency Objection to Notice of Deposition, Motion for Protective Order, or in the Alternative, Motion to Withdraw as Counsel."  (Doc. 34).  In that filing, counsel reported that Plaintiff had been outside the United States for an extended period of time, that she had been unavailable for direct verbal communication, and that the only verbal communications he had received regarding Plaintiff during that time had come from Plaintiff's sister.  (Id. at 1).  Counsel stated that he could not "ethically and effectively represent Plaintiff's interests at a deposition without first having sufficient communication with Plaintiff regarding the claims, defenses, and anticipated testimony."  (Id. at 2).  He requested "a continuance of 60 day or anytime this court deems fit in an effort to allow Plaintiff to return to the United States" and "a protective order postponing Plaintiff's deposition" to afford Plaintiff the opportunity to return to the United States and confer with her counsel before testifying.  (Id. at 2-3).  If these requests were denied, counsel alternatively requested leave to withdraw from further representation of Plaintiff given his present inability to communicate with her.  (Id. at 3).

The Court conducted a status conference by telephone on June 26, 2026.  (Doc. 45).  After hearing from counsel, the Court

4

informed the parties that it would enter an order extending the discovery deadline to September 30, 2026, to allow time for Plaintiff to return to the country, confer with her counsel, and make herself available for deposition.  The Court further informed the parties that Plaintiff was required to make herself available for deposition within forty-five days of the status conference, and that the undersigned would recommend that this action be dismissed if she failed to do so.

On June 29, 2026, three days after the status conference, Plaintiff filed a motion titled "Plaintiff's Motion to Continue Discovery Deadlines."  (Doc. 41).  In that motion, Plaintiff primarily requested that the Court modify the existing Rule 16(b) scheduling order to extend Plaintiff's long-expired deadline to disclose expert witnesses.  (See id.).  Defendant filed a response in opposition to the motion, asserting that Plaintiff has not shown good cause to revive her expert disclosure deadline.  (Doc. 44).

II.  **DISCUSSION**

Federal Rule of Civil Procedure 16(b) provides that a "district judge--or a magistrate judge when authorized by local rule--must issue a scheduling order" in cases before the court, with limited exceptions not applicable here.  A district court's scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions" and "may . . . modify the timing of disclosures under Rules 26(a) and 26(e)(1)

5

. . . ." Fed. R. Civ. P. 16(b)(3). Once a district court issues its scheduling order, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting Fed. R. Civ. P. 16 advisory committee's note). Ultimately, a district court has significant discretion in setting and enforcing its scheduling orders. See Davidson v. MTD Prods. Co., 2025 U.S. App. LEXIS 1588, at *10, 2025 WL 289477, at *3 (11th Cir. Jan. 24, 2025) (per curiam). And the Eleventh Circuit has recognized that "a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011) ("[T]hough the court had the authority to grant a *post hoc* extension of the discovery deadline for good cause, it was under no obligation to do so . . . ."); see also Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc., 389 F.3d 1339, 1348-49 (11th Cir. 2004) (upholding a district court's decision to exclude an expert report disclosed after the deadline expired for submission).

Based on Plaintiff's extended absence from the United States and counsel's representation that she is expected to return within the next two months, the Court finds good cause to extend the

discovery deadline to allow Plaintiff's counsel to confer with his client prior to her deposition and to allow the parties to complete all necessary depositions and other discovery in this case. Accordingly, the discovery deadline is extended to **September 30, 2026.** Plaintiff shall make herself available for an in-person deposition in this district on or before **August 10, 2026;** if she fails to do so, the undersigned will recommend that this action be dismissed for Plaintiff's failure to prosecute and to comply with the Court's order.

Turning next to Plaintiff's request to revive and extend her long-expired deadline to disclose expert testimony as required by Federal Rule of Civil Procedure 26(a)(2), the Court finds that Plaintiff has failed to show good cause for the extension request. Indeed, Plaintiff has made no showing that she has acted with diligence in pursuing discovery or in identifying and contacting potential expert witnesses. This is despite the fact that Plaintiff presumably knew the nature and cause of her injuries and the identity of her main treating physicians two years prior to the expert disclosure deadline of April 1, 2026. (See, e.g., Doc. 1-2 at 12-13). Nor has Plaintiff explained why she failed to seek an extension *prior to* the April 1, 2026 deadline instead of waiting approximately three months after the deadline expired before doing so. Accordingly, Plaintiff's request to extend her deadline to

disclose expert testimony as required by Federal Rule of Civil Procedure 26(a)(2) is **DENIED.**

Except as set forth above, all other provisions contained in the Rule 16(b) scheduling order entered on November 24, 2025 (Doc. 12), as amended (Docs. 26, 36), remain in effect.

**ORDERED** this **8th** day of **July, 2026.**

**/s/SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**