**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MONAWARA ABDALLA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 25-00381-KD-B** |
| | * | |
| **WAL-MART INC.,** | * | |
| | * | |
| **Defendant.** | * | |

**ORDER**

This action is before the Court on Defendant Wal-Mart Inc.'s motion to dismiss and for sanctions for Plaintiff's failure to appear for her deposition. (Doc. 55). The motion, which has been fully briefed, has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(a), and S.D. Ala. GenLR 72(A)(2)(S). Upon consideration of all matters presented, and for the reasons set forth below, the Court finds that Defendant's motion is due to be **GRANTED in part** and **DENIED in part**.

**I. BACKGROUND**

Plaintiff Monawara Abdalla ("Plaintiff") filed this action in state court in February 2025, asserting claims for negligence and wantonness based on allegations that she was injured by falling merchandise while shopping at a Walmart store in Mobile, Alabama. (Doc. 1-1). On September 11, 2025, Defendant Wal-Mart Inc.

("Defendant") removed this action to federal court based on information contained in Plaintiff's belatedly-served discovery responses.[1] (Doc. 1).

On November 24, 2025, this Court entered a Rule 16(b) scheduling order, which set this case for a final pretrial conference on December 10, 2026, and for jury selection and trial in January 2027. (Doc. 12). The scheduling order established June 30, 2026 as the discovery deadline and July 31, 2026 as the deadline for the filing of dispositive motions. (Id. at 2, 5). The parties were cautioned that requests for extension of the discovery deadline would "be viewed with great disfavor" and would "not be considered except upon a showing that (1) extraordinary circumstances require it and (2) the parties have diligently pursued discovery." (Id. at 2).

On April 3, 2026, Plaintiff's counsel filed a motion requesting "a continuance of the trial/hearing/status conference currently scheduled." (Doc. 17). Counsel reported that Plaintiff had been required to leave the country for medical treatment, and he asserted that "Plaintiff's medical condition and travel for

[1] Defendant served Plaintiff with a first set of interrogatories and requests for production on March 17, 2025. (Doc. 1-1 at 45). After Plaintiff failed to timely repond, Defendant filed a motion to compel. (Id. at 306-10). The state court granted the motion to compel on August 6, 2025, and ordered Plaintiff to respond to the discovery requests within twenty-one days. (Id. at 315). Plaintiff responded to the discovery requests on August 30, 2025. (Doc. 1-2).

treatment prevent Plaintiff from appearing in person for the scheduled proceeding and depositions." (Id. at 1). Counsel stated that "Plaintiff anticipates being able to return and participate in this matter," but he did not provide any timeline for her return. (Id.). At a status conference conducted on April 17, 2026, the Court directed Plaintiff's counsel to supplement the motion by including medical documentation of the treatment Plaintiff was undergoing and the expected duration of such treatment. (Doc. 21).

On April 24, 2026, Plaintiff's counsel filed an amended motion to continue, which was nearly identical to the original motion except that it attached an unsigned letter from a purported physician in Cairo, Egypt. (Doc. 22). On April 27, 2026, the Court denied the motion as unsupported based on the fact that the attached letter was not signed and did not indicate when Plaintiff was scheduled to undergo surgery or her expected period of recovery. (Doc. 23).

Nearly a month later, on May 22, 2026, Plaintiff's counsel filed a second amended motion to continue. (Doc. 29). In that motion, counsel asserted that Plaintiff was "currently hospitalized in Egypt due to serious health issues" and that her "medical condition has substantially impaired counsel's ability to communicate with Plaintiff regarding this case." (Id. at 1). Counsel again requested that the Court continue "the

trial/hearing/status conference" in the case without specifying the length of the extension he was seeking. (Id. at 2). Counsel attached to the motion a document which was apparently written in Arabic. (Doc. 29-1). The Court expressly noted that the document was not comprehensible without an English translation and denied Plaintiff's motion without prejudice to Plaintiff's ability to refile it with proper documentation. (Doc. 30).

With the June 30, 2026 discovery deadline approaching, Defendant's counsel reached out to Plaintiff's counsel on June 9, 2026, and proposed four dates for Plaintiff's deposition.[2] (Doc. 39-1). On June 15, 2026, after receiving no response from Plaintiff's counsel, Defendant served Plaintiff's counsel with notice of Plaintiff's videotaped deposition to be taken in person at defense counsel's office on June 26, 2026. (Doc. 33; Doc. 44 at 6-7).

Four days later, on June 19, 2026, Plaintiff's counsel filed a motion titled "Emergency Objection to Notice of Deposition, Motion for Protective Order, or in the Alternative, Motion to

[2] The record reflects that Defendant's counsel began requesting dates for Plaintiff's deposition in February 2026. (See Doc. 39-3 at 1). On February 23, 2026, Plaintiff's counsel responded: "Ms. Abdalla has had some health issues recently. As a result, she is leaving the country briefly at the end of this month." (Doc. 39-2 at 1). Defendant's counsel asked Plaintiff's counsel how long Plaintiff would be gone and whether it would be possible to depose her before she left, but apparently received no response to these inquiries from Plaintiff's counsel. (See id.).

Withdraw as Counsel." (Doc. 34). In the motion, counsel stated that Plaintiff "has been outside of the United States for an extended period and has been unavailable for direct verbal communication with undersigned counsel." (Id. at 1). Counsel reported that he "had been informed that Plaintiff was hospitalized and continues to experience health-related issues." (Id. at 2). Counsel stated that the "only verbal communications" he had received regarding Plaintiff's condition had been through Plaintiff's sister. (Id. at 1). Counsel requested a sixty-day continuance "to allow Plaintiff to return to the United States." (Id. at 2). Counsel represented that based on communications with Plaintiff's sister, "Plaintiff should return within this timeframe." (Id. at 3). Defendant filed a response in opposition to the motion. (Doc. 39).

The Court conducted a telephone status conference on June 26, 2026. (Doc. 45). After hearing from counsel, the Court informed the parties that it would enter an order extending the discovery deadline to September 30, 2026, to allow time for Plaintiff to return to the country, confer with her counsel, and make herself available for deposition. The Court stated that Plaintiff would be required to make herself available for deposition within forty-five days of the status conference.

On June 29, 2026, Plaintiff's counsel filed a motion seeking to revive Plaintiff's expired April 1, 2026 deadline to disclose

expert witnesses. (Doc. 41). Defendant filed a response in opposition to that motion. (Doc. 44). In an order dated July 8, 2026, the Court denied Plaintiff's request to extend her expert disclosure deadline, extended the discovery deadline to September 30, 2026, and ordered Plaintiff to make herself available for an in-person deposition in this district on or before August 10, 2026. (Doc. 47). On July 29, 2026, the Court entered an amended Rule 16(b) scheduling order, which extended the dispositive motion deadline to October 30, 2026, rescheduled the final pretrial conference to March 4, 2027, and continued jury selection and the trial of this action to April 2027. (Doc. 50).

On July 17, 2026, Defendant's counsel emailed Plaintiff's counsel seeking dates for Plaintiff's in-person deposition. (Doc. 55-1 at 1). Ten days later, Plaintiff's counsel sent an email asking when Defendant's counsel was available to depose Plaintiff. (Doc. 55-2 at 1). In the email, Plaintiff's counsel made no mention of the fact that his client had not yet returned to the United States, nor did he request that the deposition be conducted remotely. (See id.). Defendant's counsel responded: "We can take your client's deposition on either August 4th or 5th. Just let us know which date she prefers and a location for the deposition and we can send out the notice." (Doc. 55-3 at 1). On July 30, 2026, after receiving no response from Plaintiff's counsel, Defendant's counsel emailed Plaintiff's counsel proposing August 4, August 7,

and August 10, 2026 as possible dates for Plaintiff's deposition and stating: "If I have not heard back from you by Monday, August 3rd, we will have no choice but to unilaterally set your client's deposition for either August 7th or August 10th." (Doc. 55-4 at 1). On August 4, 2026, Plaintiff's counsel responded: "August the 10th is fine." (Doc. 55-5 at 1). He again made no mention of the fact that Plaintiff had not yet returned to the United States, nor did he request that the deposition be held by Zoom or other electronic means. (See id.). Accordingly, on the same date, Defendant's counsel replied that he would "go ahead and notice Plaintiff's deposition for August 10th for our office," and Defendant served notice of Plaintiff's videotaped deposition to be taken in person at defense counsel's office on August 10, 2026. (Docs. 51, 55-6, 55-7).

On Sunday, August 9, 2026, one day before the scheduled deposition, Plaintiff's counsel emailed Defendant's counsel and stated: "I noticed that you scheduled the deposition for in your office. I previously discussed having a deposition done by zoom. Monwara Abdalla is still in Egypt, but can be available by zoom." (Doc. 55-8 at 1).

Plaintiff failed to appear for her deposition on the morning of August 10, 2026, and the Court held a telephone status conference that day to address the missed deposition. (Doc. 53). After the status conference, the Court entered a text order

authorizing Defendant to file a motion for sanctions, including dismissal. (Doc. 54). On August 10, 2026, Defendant filed the instant motion requesting that this action be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v), 37(d)(3), and 41(b) based on Plaintiff's failure to appear for her deposition, and "such other and further relief as the Court deems just and proper." (Doc. 55). On August 31, 2026, Plaintiff filed a response in opposition to the instant motion. (Doc. 58). Plaintiff submitted affidavits and, for the first time, translated medical documentation in support of her response.[3] (Docs. 58-1, 58-2, 58-3, 58-4). In her response,

---

[3] In her affidavit dated August 27, 2026, Plaintiff states that she became ill while this case was pending and required medical treatment unrelated to her alleged injuries in this case. (Doc. 58-3 at 1, 3). Plaintiff states that for financial reasons, she left the United States to obtain treatment for her condition in Egypt. (Id.). Plaintiff states that she ultimately underwent surgery in Egypt due to the seriousness of her condition. (Id. at 3). Plaintiff states that she developed an infection after her surgery, which caused additional problems and caused her to fear for her life. (Id. at 3-4). Plaintiff states that there were times after her surgery where she was unable to speak normally or communicate effectively with other people, and that her difficulty communicating was exacerbated by the lack of reliable internet service at the location where she was receiving care. (Id. at 4). Plaintiff states that because of her inability to communicate effectively at certain times, she instructed her sister to communicate with her attorney regarding this case; however, the seriousness of Plaintiff's condition caused her sister to leave the United States at some point and travel to Egypt to be with her. (Id.). Plaintiff asserts that her inability to communicate consistently with her counsel was not intentional but rather the result of her significant medical problems coupled with a periodic lack of reliable internet service and telephone connectivity at

Plaintiff argues that the "record does not establish willful abandonment of the case" but rather "a seriously ill Plaintiff who was unable to obtain necessary treatment in the United States because of financial circumstances, who traveled to Egypt for medical treatment, underwent surgery, developed infection and complications, remained under continuing medical care, and was instructed by her treating physician not to travel." (Doc. 58 at 17). Plaintiff maintains that the appropriate remedy for her failure to meet deadlines is for the Court to deny dismissal and enter a revised scheduling order allowing her to resume prosecution of her claims. (Id. at 18). Defendant filed a reply on September 8, 2026. (Doc. 59). Thus, the instant motion has been fully briefed and is ripe for resolution.

## II. LEGAL STANDARDS

As noted *supra*, Defendant asks the Court to dismiss Plaintiff's lawsuit with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v), 37(d)(3), and 41(b). (Doc. 55).

"Rule 37(b)(2)(A) allows a court to impose sanctions due to a party's failure to comply with a prior order to provide or permit discovery." Atkinson v. Volusia Cnty. Sch. Bd., 2016 U.S. Dist. LEXIS 126282, at *4, 2016 WL 4943935, at *2 (M.D. Fla. Sept. 16,

her location. (Id.). Plaintiff declares her intention to return to Alabama in September 2026 and to participate in this litigation if permitted to do so moving forward. (Id. at 8).

2016). "Permissible sanctions include prohibiting the disobedient party from supporting her claims or from introducing certain matters into evidence, striking pleadings, staying the proceedings until the order is obeyed, dismissal, and holding the disobedient party in contempt." Id. (citing Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii)).

Rule 37(d) allows a party to move for sanctions when the opposing party fails to appear for her own deposition after being served with proper notice. See Fed. R. Civ. P. 37(d)(1)(A)(i). Permissible sanctions under Rule 37(d) "include the same sanctions allowable under Rule 37(b)(2)(A) except for holding the disobedient party in contempt." Atkinson, 2016 U.S. Dist. LEXIS 126282, at *5, 2016 WL 4943935, at *2 (citing Fed. R. Civ. P. 37(d)(3)). "A party's failure to appear for her own deposition also requires the court to award reasonable attorney's fees and costs caused by the failure to appear unless the failure to appear was 'substantially justified' or equitable reasons counsel against the award of fees and costs. Id. (citing Fed. R. Civ. P. 37(d)(3)).

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). "The failure to comply with the Court's order need not be willful or in bad faith unless the court 'imposes the most severe sanction—default or dismissal.'" CS Bus. Sys.,

Inc. v. Schar, 2017 U.S. Dist. LEXIS 233760, at *3, 2017 WL 9939116, at *1 (M.D. Fla. Sept. 5, 2017) (quoting Coquina Invs. v. TD Bank, N.A., 760 F.3d 1300, 1319 (11th Cir. 2014)).

A "district court has broad, although not unbridled, discretion in imposing sanctions, including default judgment and dismissal, under Rule 37." Dorey v. Dorey, 609 F.2d 1128, 1135 (5th Cir. 1980).[4] "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). "Dismissal is warranted only where noncompliance with discovery orders is due to willful or bad faith disregard for those orders." Wouters v. Martin County, Fla., 9 F.3d 924, 934 (11th Cir. 1993). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). "Because dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice." Shortz v. City of

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Tuskegee, Ala., 352 F. App'x 355, 359 (11th Cir. 2009) (per curiam) (citing Malautea, 987 F.2d at 1542).

Finally, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." Gratton, 178 F.3d at 1374. Dismissal with prejudice under Rule 41(b) "is an extreme sanction that may be properly imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1338 (11th Cir. 2005) (emphasis in original) (quoting World Thrust Films, Inc. v. Int'l Fam. Ent., Inc., 41 F.3d 1454, 1456 (11th Cir. 1995) (per curiam)). "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." Id.

## III. DISCUSSION

After careful consideration of the parties' submissions, the undersigned does not find dismissal with prejudice under either Rule 37 or Rule 41(b) to be appropriate. Even assuming *arguendo* that Plaintiff's failure to sit for her deposition as ordered by August 10, 2026 was willful and part of a broader pattern of delay in this case, it appears to the undersigned that there are sanctions short of dismissal that will suffice to compel Plaintiff's compliance going forward.

First, the Court acknowledges that the circumstances of this matter are somewhat unique. Although the nature and extent of Plaintiff's medical conditions and treatment are not entirely clear based on Plaintiff's belated documentation, the undersigned is satisfied that it appears Plaintiff was undergoing medical treatment in Egypt for a serious medical condition. Thus, the undersigned is hesitant to recommend dismissal based on Plaintiff's failure to appear for her deposition, since it is not clear she had been released to travel back to the United States by the deadline imposed by the Court. The Court also hesitates to recommend dismissal in light of the fact that Plaintiff's attorney shares significant responsibility in this matter.[5]

More importantly, Plaintiff now appears to be both available and willing to sit for her deposition. See Jones v. Sanofi-Aventis U.S., Inc., 2009 WL 535756, at *3 (N.D. Ga. Mar. 2, 2009) ("While the Court finds Plaintiff's conduct in refusing to attend his noticed depositions wilful and in violation of the requirements of the Federal Rules, dismissal is not an appropriate sanction here.

[5] On June 19, 2026, Plaintiff's counsel requested a sixty day continuance to afford Plaintiff time to return to the United States. (Doc. 34). In an order dated July 8, 2026, the undersigned ordered Plaintiff to make herself available for an in-person deposition in this district no later than August 10, 2026. (Doc. 47). Plaintiff's counsel agreed to an August 10, 2026 in-person deposition date, but he did not notify opposing counsel that Plaintiff had not yet returned to the United States until August 9, 2026. (Docs. 55-5, 55-8).

Dismissal is inappropriate not because a clear record of Plaintiff's wilful conduct is lacking, but because lesser sanctions appear to be adequate in the present case. The Court first notes that Plaintiff is now ready and willing to sit for his deposition."). In her affidavit, Plaintiff declares her intention to return to Mobile in September 2026 and to cooperate with her attorney and participate in this litigation moving forward. (Doc. 58-3 at 8).

Although dismissal is not appropriate at this juncture, the undersigned finds that Plaintiff and her attorney are responsible for the reasonable expenses associated with Plaintiff's failure to appear for her noticed deposition on August 10, 2026. Rule 37(d) requires the Court to order a party, her attorney, or both to pay reasonable expenses, including attorney's fees, caused by the party's failure to appear for her deposition, unless the failure was substantially justified or other circumstances make the award unjust. Fed. R. Civ. P. 37(d)(3). Plaintiff has attempted to offer an explanation for her non-appearance, but she has ultimately offered no substantial justification for her failure to appear. The record reflects that Plaintiff elected to travel to Egypt during the pendency of this case without making adequate arrangements to reliably communicate with her counsel. The record further indicates that Plaintiff did not timely provide adequate medical documentation regarding her condition and her ability to

travel. Nor does she appear to have clearly communicated her situation to her attorney so as to assist him in taking prompt and appropriate action to address the matter, such as timely seeking agreement or permission for Plaintiff to be deposed remotely or providing a firm date for Plaintiff's return to the district and requesting a brief extension of the deposition deadline.

Plaintiff's counsel also shares the blame for Plaintiff's failure to appear for the duly noticed deposition. Significantly, it was Plaintiff's counsel who confirmed that Plaintiff's deposition could be noticed for August 10, 2026, despite the fact that he apparently had no indication from his client that she would actually be in attendance on that date. The Court's July 8, 2026 order specified that Plaintiff was directed to "make herself available for an in-person deposition in this district," and on August 4, 2026, Defendant noticed the deposition to take place at defense counsel's office on August 10, 2026. Plaintiff's counsel agreed to the August 10th in-person deposition, but in doing so, he never apprised opposing counsel that Plaintiff had not yet returned to the United States. Incredibly, it was not until the *day before* the scheduled deposition (a Sunday) that Plaintiff's counsel sent a message to Defendant's counsel seeking to have the deposition conducted by Zoom and revealing that Plaintiff had not yet returned to the United States. It bears emphasis that the Court's order requiring Plaintiff to appear in person for her

deposition was entered more than a month in advance of the August 10, 2026 deadline. Thus, even if he had difficulty communicating with Plaintiff or could not obtain her commitment to return to this district for her deposition by August 10, 2026, Plaintiff's counsel had sufficient time to take appropriate action addressing the issue with Defendant and/or the Court. Instead of doing so, Plaintiff's counsel caused the deposition to be noticed for a date on which he evidently could not confirm his client's attendance. Making matters worse, counsel only attempted to rectify the error one day before the deposition deadline by making the wildly unrealistic suggestion for Defendant to arrange and conduct an international Zoom deposition of Plaintiff at the last minute.

Accordingly, for the reasons stated above, Defendant's motion to dismiss and for sanctions (Doc. 55) is **GRANTED in part** and **DENIED in part.**[6] The motion is denied to the extent it requests that this action be dismissed with prejudice, but it is granted to the extent it seeks monetary sanctions for Plaintiff's failure to appear for her properly noticed deposition.

[6] "A federal magistrate judge has authority to enter an order, as opposed to a report and recommendation, denying a motion for sanctions or granting a motion with relief less drastic than dismissal or default." Matter of In re Skanska USA Civ. Se. Inc., 340 F.R.D. 180, 191 n.4 (N.D. Fla. 2021) (finding that the mere fact that claimants requested default judgment in their favor did not permit the magistrate judge from entering an order, as opposed to a report and recommendation, imposing lesser, non-dispositive relief).

Defendant is entitled to an award of reasonable expenses, including attorneys' fees, resulting from Plaintiff's unjustified failure, after being served with proper notice, to appear for her deposition on August 10, 2026. Because Plaintiff and her counsel share the blame for the fact that Plaintiff did not appear for a properly noticed deposition, the award will be levied against Plaintiff and her attorney in equal shares. The parties are **strongly encouraged** to resolve the amount owed to Defendant without further involvement of this Court. However, should the parties be unable to agree on the amount owed, Defendant's counsel shall file with the Court within **ten (10) days** an affidavit of reasonable expenses incurred in connection with Plaintiff's missed deposition on August 10, 2026 (with appropriate supporting documentation). Plaintiff may file a response to that submission within **ten (10) days** after its filing if Plaintiff and/or her counsel desire to be heard.

Plaintiff is **ORDERED** to appear for her deposition on or before **October 2, 2026.** Plaintiff must appear in person in this district for her deposition, unless both parties agree otherwise as to conducting the deposition remotely. The discovery deadline is extended to **October 30, 2026**, for the sole purpose of allowing time for Defendant to complete Plaintiff's deposition and the depositions of any of Plaintiff's treating physicians or other witnesses Defendant finds necessary to depose based on Plaintiff's

testimony. The deadline for motions for summary judgment and any other dispositive motions to be filed is extended to **November 30, 2026.**

Plaintiff is cautioned that her failure to fully comply with this order will result in additional sanctions, including a recommendation that this action be dismissed with prejudice. There will be no further warnings.

**ORDERED** this **15th** day of **September, 2025.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**