**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MONAWARA ABDALLA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 25-00381-KD-B** |
| | * | |
| **WAL-MART INC.,** | * | |
| | * | |
| **Defendant.** | * | |

## ORDER

This action is before the Court on Defendant Wal-Mart Inc.'s affidavit in support of fees and costs for sanctions (Doc. 62), Plaintiff Monawara Abdalla's objection to Defendant's affidavit (Doc. 63), and Defendant's supplement to its affidavit (Doc. 65).[1] Upon consideration of the pertinent pleadings, the undersigned finds that Defendant is entitled to recover reasonable expenses in the amount of **$3,975.10** pursuant to Federal Rule of Civil Procedure 37(d)(3) because of Plaintiff's failure to appear for her noticed deposition.

### I. BACKGROUND

After Plaintiff failed to appear for her properly noticed deposition on August 10, 2026, the Court authorized Defendant to file a motion for sanctions, including dismissal. (Doc. 54).

[1] This matter has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

Defendant filed a motion requesting that this action be dismissed with prejudice pursuant to Rules 37(b)(2)(A)(v), 37(d), and 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to appear for her noticed deposition. (Doc. 55). Defendant also requested "such other and further relief as the Court deems just and proper." (Id. at 14).

The Court denied Defendant's motion to the extent it requested the dismissal of this action but granted the motion to the extent it sought monetary sanctions under Rule 37(d)(3) for Plaintiff's failure to appear for her noticed deposition. (Doc. 60). Specifically, the Court found:

> Defendant is entitled to an award of reasonable expenses, including attorneys' fees, resulting from Plaintiff's unjustified failure, after being served with proper notice, to appear for her deposition on August 10, 2026. Because Plaintiff and her counsel share the blame for the fact that Plaintiff did not appear for a properly noticed deposition, the award will be levied against Plaintiff and her attorney in equal shares.

(Id. at 17 (emphasis in original)). The Court strongly encouraged the parties to resolve the amount owed to Defendant without further involvement of the Court. (Id.). However, if the parties were unable to agree upon the amount owed, Defendant's counsel were directed to file an affidavit of reasonable expenses incurred in connection with Plaintiff's missed deposition, and Plaintiff was directed to file a response to that submission if she or her

counsel desired to be heard on the matter. (Id.). The Court also extended the discovery deadline and ordered Plaintiff to appear for her deposition on or before October 2, 2026. (Id.). It appears that Plaintiff subsequently appeared for her deposition as ordered. (See Doc. 61).

Counsel for Defendant filed an affidavit in support of fees and costs for sanctions and attached invoices for services rendered to Defendant by its counsel and invoices for court reporting and videography services. (Doc. 62). In the affidavit, Defendant's counsel stated that the parties had attempted but were unable to resolve the amount owed to Defendant without further involvement of the Court. (Id. at 2). Defendant's counsel asserted that the "[c]ombined fees and expenses incurred by Walmart directly attributable to Plaintiff's failure to attend her deposition on August 10, 2026 are in the total amount of $7,748.35." (Id.). Defendant's counsel opined that these expenses are "reasonable and justified and were necessary for the case and were the direct result of plaintiff's failure to attend her deposition on August 10, 2026." (Id.).

Plaintiff filed an objection to Defendant's affidavit. (Doc. 63). In that filing, Plaintiff clarified that she "does not seek to relitigate" the Court's determination that Defendant is

entitled to recover reasonable expenses associated with Plaintiff's failure to appear for her noticed deposition. (Id. at 1). However, Plaintiff objected "to the amount and categories of fees Defendant now seeks, because Defendant's submission includes excessive, unnecessary, duplicative, and/or insufficiently causally related attorney time that does not constitute reasonable expenses caused by Plaintiff's failure to appear." (Id.). In particular, Plaintiff objected to the following charges requested by Defendant: (1) "more than four hours reviewing Plaintiff's response to Defendant's motion concerning Plaintiff's failure to appear for her deposition[,]" which Plaintiff contends "is related to the sanction dispute but is excessive;" and (2) "approximately five hours reviewing medical records and preparing notes for Plaintiff's deposition" and "approximately two hours preparing a deposition binder[,]" which Plaintiff alleges "consist substantially of preparation that remains useful for Plaintiff's rescheduled deposition and therefore has not been shown to constitute an actual loss caused by the nonappearance." (Id. at 2). Plaintiff also stated that she "does not have the financial resources necessary to absorb a substantial attorney-fee sanction" and asked the Court to consider her limited financial ability when awarding sanctions. (Id. at 10-11). Plaintiff further objected

"to any entries that reflect duplicative attorney review or excessive conferences" and provided examples of entries that she suggested were unnecessary, administrative, excessive, or redundant. (Id. at 13-14). Finally, Plaintiff maintained that the requested court reporter and videographer charges should be denied or substantially reduced because Defendant had not established that the amounts claimed were reasonable expenses caused by Plaintiff's non-appearance. (Id. at 18-23).

After review of Defendant's affidavit and Plaintiff's objection, the Court ordered Defendant to supplement its affidavit by identifying the names and job titles of the persons who performed the tasks listed in each billing entry. (Doc. 64). Defendant filed a supplemental affidavit which identified the individuals who performed the tasks listed in each billing entry, corrected a billing entry error discovered in the original affidavit, and deleted certain duplicative entries, resulting in a total reduction of $425 in the amount requested. (Doc. 65). Defendant also included copies of email correspondence which calls into serious question whether Plaintiff's counsel made a good faith effort to resolve the amount owed to Defendant without further Court involvement. (See Doc. 65-2).

## II. DISCUSSION

Under Federal Rule of Civil Procedure 37(d), a court "may grant a motion for sanctions if a party fails to attend [her] own deposition after being properly served with notice of the deposition." Lewis v. Leonard, 716 F. App'x 910, 913 (11th Cir. 2017) (per curiam) (citing Fed. R. Civ. P. 37(d)(1)(A)(i)). "Either in lieu of, or in addition to, other sanctions, the district court 'must require' either the party that failed to appear, or [her] attorney, or both 'to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" Id. (citing Fed. R. Civ. P. 37(d)(3)). The court "must also consider the sanctioned party's financial ability in determining whether to impose monetary sanctions." LaFavors v. Thayer, 706 F. App'x 489, 491 (11th Cir. 2017) (per curiam) (citing Baker v. Alderman, 158 F.3d 516, 529 (11th Cir. 1998)).

Although a court "may, it is not required to apply the lodestar method" to calculate a Rule 37 fee award.[2] Jet Blast,

[2] "The lodestar method requires courts to multiply the number of 'hours reasonably expended by a reasonable hourly rate.'" N.S. v. Comm'r of Soc. Sec., 742 F. Supp. 3d 1338, 1343 (M.D. Ga. 2024) (quoting Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).

Inc. v. Blue Lake Serv., LLC, 348 F.R.D. 714, 718 (N.D. Fla. 2025); Carro v. Integrated Tech, Grp., LLC, 2016 U.S. Dist. LEXIS 185921, at *4-5, 2016 WL 6534456, at *2 (S.D. Fla. Feb. 26, 2016). Thus, the Court finds it unnecessary to engage in a lodestar analysis. Nonetheless, having considered Defendant's request through the lens of its "own knowledge and experience," see Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988), the Court finds the requested hourly rates to be reasonable. See, e.g., Lambert v. Herrington, 2023 U.S. Dist. LEXIS 143178, at *21, 2023 WL 5278857, at *8 (S.D. Ala. Aug. 16, 2023) (finding that the requested hourly rate of $250.00 for an attorney in the Mobile area was reasonable). Indeed, the Court notes that Plaintiff does not appear to object to the hourly rates requested by Defendant.

That said, the Court finds some of the attorney and paralegal hours requested by Defendant either not recoverable or not recoverable at the rate requested. As noted, the expenses in this case are awarded pursuant to Federal Rule of Civil Procedure 37(d)(3), which explicitly limits reasonable fees and costs to those "caused by the failure" of the party that did not comply with discovery obligations. See Fed. R. Civ. P. 37(d)(3). Therefore, there must be a causal link between Plaintiff's failure to appear for the deposition on August 10, 2026, and each expense

claimed by Defendant, as "the court can shift only those attorneys' fees incurred because of the misconduct at issue." Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108 (2017).

Plaintiff objects to Defendant's claimed expenses for time spent preparing for Plaintiff's originally noticed deposition. (Doc. 63 at 6-9). This includes 4.2 hours of attorney time for reviewing medical records and discovery responses in preparation for Plaintiff's deposition. (See Doc. 65-1 at 3). It also includes 2 hours of paralegal time for preparing a deposition binder to assist counsel in preparing for Plaintiff's deposition. (See id. at 4). However, Defendant has not explained why it would not have incurred the bulk of these preparatory expenses regardless of Plaintiff's failure to appear on August 10, 2026. Defendant has now had the opportunity to depose Plaintiff, albeit on a later date. There is no indication that the deposition binder was not equally useful in preparing for the rescheduled deposition. Accordingly, the Court will not permit recovery of expenses incurred in preparing the deposition binder. And while the Court recognizes that defense counsel would have needed to refresh his memory before the rescheduled deposition, he did not have to start at square one. Accordingly, the Court finds that the attorney fees claimed for deposition preparation are due to be reduced by

two-thirds, to $350 (1.4 hours). See Threatt v. Sylacauga Hous. Auth., 2021 U.S. Dist. LEXIS 198230, at *5-6, 2021 WL 4804119, at *2 (N.D. Ala. Oct. 14, 2021) (declining to permit recovery of deposition preparation expenses where defendants would have incurred those expenses regardless of plaintiff's failure to appear for his originally scheduled deposition); Foy v. Pettway, 2022 U.S. Dist. LEXIS 256173, at *8, 2022 WL 22937836, at *3 (N.D. Ala. July 14, 2022) (declining to award fees for deposition preparation where such preparation was usable at rescheduled deposition).

In addition, the undersigned finds the number of attorney and paralegal hours claimed in connection with Defendant's motion for sanctions (18.1 attorney hours and 0.8 paralegal hours) to be excessive. This is particularly true when considering both Plaintiff's apparently limited financial resources and the limited success of the sanctions motion, which primarily sought dismissal of this action to no avail. See Kangvape LLC v. KKL Int'l, LLC, 2025 U.S. Dist. LEXIS 37973, at *5, 2025 WL 657920, at *2 (N.D. Ga. Feb. 18, 2025) ("Typically, if a claimant has partial or limited success, the award of fees may be 'reduced to an amount that is not excessive.'") (quoting Norman, 836 F.2d at 1302). Accordingly, the Court finds that the attorney and paralegal fees

claimed in connection with the sanctions motion are due to be reduced by one-half, to $2,312.50 (9.05 attorney hours and 0.4 paralegal hours).

The undersigned further notes that Defendant requests compensation at an attorney rate for the following tasks that are mundane or clerical in nature: 0.2 hours for reviewing email correspondence regarding Plaintiff's availability for deposition; 0.2 hours for preparing email correspondence informing Plaintiff's counsel that Defendant would notice Plaintiff's deposition; and 0.1 hours for reviewing email correspondence from Plaintiff's counsel stating that Plaintiff was still in Egypt. (See Doc. 65-1 at 3-5). The Court does not find time spent on such tasks to be compensable at an attorney rate. Rather, the Court finds these tasks to be compensable at a reduced non-attorney rate of $125 per hour. See Frank v. Paddy's Inheritance, Inc., 2015 U.S. Dist. LEXIS 160200, at *14, 2015 WL 7720568, at *5 (S.D. Fla. Nov. 30, 2015) (noting that "a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment") (quoting Norman, 836 F.2d at 1306); Foy, 2022 U.S. Dist. LEXIS 256173, at *8-9, 2022 WL 22937836, at *3-4 (finding clerical tasks for

services reasonably performed by support staff to be compensable at a reduced non-attorney rate). Accordingly, the Court finds that the fees claimed in connection with the clerical tasks are due to be reduced by one-half, to $62.50.

The undersigned also notes that Defendant seeks compensation for time spent by both of its attorneys in reviewing the Court's one-paragraph text order dated August 10, 2026. (See Doc. 65-1 at 4-5). However, "[a] court may exclude hours billed by two attorneys for the same task . . . as unnecessary and redundant." All Web Leads, Inc. v. D'Amico, 2019 U.S. Dist. LEXIS 77523, at *3-4, 2019 WL 2051970, at *1 (S.D. Fla. May 2, 2019). The Court finds the fees claimed in connection with reviewing the text order to be redundant and excessive and will therefore reduce them by one-half, to $50 (0.2 hours).

Defendant also seeks compensation for one hour of paralegal time on August 4, 2026, based on a block entry that appears to include a task unrelated to Plaintiff's deposition. (See Doc. 65-1 at 3 ("Preparation of the NPS for Safeway Insurance Company.")). Upon consideration, the Court finds it appropriate to reduce the fees claimed in connection with this entry by one-fourth, to $93.75 (0.75 hours). See Truesdell v. Thomas, 2018 U.S. Dist. LEXIS 223403, at *20, 2018 WL 6983508, at *7 (M.D. Fla. Nov. 8, 2018)

("The court has broad discretion in determining the extent to which a reduction in fees is warranted by block billing."), report and recommendation adopted, 2018 U.S. Dist. LEXIS 223381, 2018 WL 6620486 (M.D. Fla. Dec. 3, 2018).

Lastly, the undersigned has reviewed Defendant's submitted costs, including the court reporting and videography invoices, relating to Defendant's attempt to depose Plaintiff on August 10, 2026. The Court finds the items listed in the invoices to be recoverable except for the two $40 charges for processing, handling, and archiving, which are not recoverable. See Frank, 2015 U.S. Dist. LEXIS 160200, at *7, 2015 WL 7720568, at *2-3 (noting that court reporter and videographer appearance fees and transcript fees are recoverable but finding that court reporting delivery fees and handling charges are not recoverable).

Accordingly, the Court finds that Defendant is entitled to recover **$3,975.10** for reasonable expenses it incurred in connection with Plaintiff's failure to attend her properly noticed deposition on August 10, 2026. This amount includes $3,200 for 13.05 hours of work by attorneys Keith B. Franklin and Mignon DeLashmet (including 0.5 hours recoverable at a reduced non-attorney rate), $143.75 for 1.15 hours of work by paralegal Vicki Lundy, and $631.35 for court reporter and videographer costs

incurred in connection with Plaintiff's noticed August 2026 deposition.

Plaintiff and Plaintiff's counsel are **ORDERED** to pay Defendant the **$3,975.10** awarded on or before **December 21, 2026.** Plaintiff and Plaintiff's counsel are cautioned that any failure to comply with this order will subject the disobedient party to further sanctions.

**ORDERED** this **20th** day of **October, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**